## J. F. COOK'S EXR. *v.* GEORGE MCROBERTS' ADMR.

[Abstract Kentucky Law Reporter, Vol. 5—764.]

**Arbitration of Accounts.**

An award made in a controversy over mutual accounts will not be set aside on the discovery of new evidence after the award is made, which evidence might have been discovered before the award was made by the exercise of proper diligence.

APPEAL FROM LINCOLN CIRCUIT COURT.

March 1, 1884.

OPINION BY JUDGE PRYOR:

The award as made by the parties to this controversy was for the purpose of settling the accounts between their intestates, and when made was reduced to writing and signed by the appellant and the appellee.

The award is not in the record, nor a part of it, but its contents are not denied. The errors, if any, committed by the arbitrators in the exercise of their judgments on the questions made before them, afford no ground for relief; and the testimony discovered after the award was within the reach of the appellant before the award was made, and by the exercise of proper diligence, from his own statement, he might have presented all the facts to the arbitrators. The attempt to correct the mistakes alleged would be placing the parties in the same position they were in before the reference, the one insisting that the amount collected of Stephenson was $108 and the other $65. As to the $24 collected since the award this court would not have the jurisdiction to reverse on that ground, as it is the only matter in issue, the other facts alleged constituting no defense.

The judgment therefore is *affirmed.*
*Welsh & Saufley, for appellant.*
*Hill & Alcorn, for appellee.*